UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFERY GAUL and PAULA GAUL,

        Plaintiffs,

   v.            1:13-CV-433

CHRYSLER FINANCIAL SERVICES
AMERICAS LLC, DAIMLERCHRYSLER
FINANCIAL SERVICES AMERICAS LLC,
DCFS TRUST, TD AUTO FINANCE LLC
successor in interest to DAIMLERCHRYSLER
et al., TD AUTO FINANCE LLC successor in
interest to CHRYSLER FINANCIAL et al.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INC., DEILY, MOONEY & GLASTETTER,
LLP,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

  Plaintiffs commenced the instant action alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681(n), (o), (s)(2), (e), and the Fair Debt Collections Practices Act. 15 U.S.C. § 1692(a), (b), (e)(8), (e)(10), (f).  Presently before the Court is Defendants Chrysler Financial Services Americas LLC, DaimlerChrysler Financial Services Americas LLC, DCFS Trust, and TD Auto Finance LLC's (collectively referred to as "Defendant") motion to dismiss Plaintiffs' claims and to compel arbitration pursuant to 9 U.S.C. §§ 2, 4.

**I.     FACTS**

On February 23, 2006, Plaintiffs entered into an agreement with Defendant for a lease of a vehicle. The lease agreement included an arbitration clause. Dkt. No. 1 ¶ 24; Dkt. No. 24. The Complaint alleges that Defendant wrongly reported a debt in the amount of $8,749 on Plaintiffs' credit report. Dkt. No. 1 ¶ 31. Plaintiffs believe this debt to be inaccurate and brought the instant claims pursuant to the Fair Credit Reporting Act and the Fair Debt Collections Practices Act against Defendant. Dkt. No. 1 ¶¶ 24-8; 15 U.S.C. § 1681; 15 U.S.C. § 1692.

**II.    DISCUSSION**

Defendant claims that the lease's arbitration clause is binding upon Plaintiffs and, therefore, moves to dismiss the Complaint and to compel arbitration pursuant to 9 U.S.C. §§ 2, 4. The Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq., evidences a strong federal policy preferring arbitration agreements. See Moses H. Cone Mem'l Hosp. v. Mercury Contr. Corp., 460 U.S. 1, 24 (1983). The FAA "requires federal courts to enforce arbitration agreements, reflecting Congress' recognition that arbitration is to be encouraged as a means of reducing the costs and delays associated with litigation." Vera v. Saks & Co., 335 F.3d 109, 116 (2d Cir. 2003). "The Act itself leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 74 (2d Cir. 1997) (quoting Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985)). Where an arbitration agreement is broad, the court should compel arbitration. See McDonnell Douglas Fin. Corp. v. Pennsylvania Power & Light Co.,

858 F.2d 825, 831 (2d Cir. 1988); see also Collins & Aikman Prod. Co. v. Building Sys., Inc., 58 F.3d 16, 20 (2d Cir. 1995).

A court will apply "a standard similar to that applicable for a motion for summary judgment" when a motion to compel arbitration is brought, so it may make a determination of any existing "issue of fact as to the making of the agreement for arbitration." Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003). When deciding if a dispute is arbitrable, a court answers two questions: (1)"[w]hether the parties agreed to arbitrate," and, if so, (2)"whether the scope of [that] agreement encompasses the claims at issue." Campaniello Imports, Ltd v. Saporiti Italia S .p.A., 117 F.3d 655, 666 (2d Cir. 1997). In addressing the scope "a court should classify the particular clause as either broad or narrow." Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218 (2d Cir. 2001). If the clause is broad, "there arises a presumption of arbitrability." Collins, 58 F.3d at 23.

In their opposition papers, Plaintiffs contend that (1) they never received a copy of the lease agreement from Defendant; (2) the arbitration clause was not legible; (3) they had no knowledge of the arbitration clause; (4) the arbitration clause is ambiguous; (5) they did not sign the arbitration clause; (6) Defendant did not properly demand arbitration; (7) they were subjected to a contract of adhesion; and (8) that Defendant has not complied with the terms of the lease agreement. Dkt. No. 29 ¶¶ 2-3, 19. These contentions are directly contrary to the record evidence and are insufficient to raise an issue of fact or otherwise preclude compelling arbitration. See Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Plaintiffs' first contention is belied by the signed lease agreement where it states "[y]ou agree that [y]ou received a completely filled in copy of this [l]ease" directly above Plaintiffs' signatures. Dkt. No. 30. Ex. A p. 5. With respect to Plaintiffs' second claim, the arbitration clause is legible and of sufficient font. See Def.'s Reply at Ex. A pp 9-10. As to the third, fourth, and fifth assertions, the lease agreement clearly has an arbitration clause that provides, "[a]ny claim or dispute, whether in contract, tort, or otherwise . . . between You and us . . . which arises out of or relates to this Lease or any resulting transaction or relationship arising out of this Lease shall, at the election of either You or us . . . be resolved by a neutral binding arbitration agreement." Deily Aff. ¶ 9; see Def.'s Reply at Ex. A pp 9-10. The clause is part of the contracted lease agreement that Plaintiffs signed. The broad language encompasses all claims arising out of, or relating to, the Lease and the relationship between the parties arising out of the Lease. Def.'s Reply at Ex. A pp 6-7. As to the sixth claim, the evidence demonstrates that Defendant demanded arbitration pursuant to a certified letter (that Plaintiff did not collect), followed by notice sent via regular mail. The regular mailing was not returned, thereby raising a presumption of delivery. Hoffenberg v. Comm'r, 905 F.2d 665, 666 (2d Cir. 1990). The seventh and eight assertions are matters that can be addressed to the arbitrator. JLM Industries, Inc. v. Stolt-Nielson, SA, 387 F.3d 163, 169-70 (2d Cir. 2004). Based on the record, Plaintiffs' contentions raise no material issue of fact. See Scott, 550 U.S. at 378-81.

  As noted, the scope of the clause here uses expansive language. See Louis, 252 F.3d at 225. Plaintiffs' claims of willful or negligent credit reporting concern a dispute over payments under the lease agreement and, thus, are related to the parties' relationship that arose from the lease. This comes within the broad terms of the arbitration agreement.

Therefore, because Defendant has demanded arbitration, the Court finds that Plaintiffs' claim against this Defendant should be stayed and the matter should be submitted to arbitration.

**III.    CONCLUSION**

For the foregoing reasons, the Court grants the motion in part as to Defendants Chrysler Financial Services Americas LLC, DaimlerChrysler Financial Services Americas LLC, DCFS Trust, and TD Auto Finance LLC and stays the instant proceedings as to these Defendants and further directs Plaintiffs to submit to arbitration as to these Defendants in accordance with the terms of the lease agreement.  9 U.S.C. § 4.  This matter may otherwise proceed as against any remaining defendants.

IT IS SO ORDERED.

Dated: July 23, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge