UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――――
JEFFREY AND PAULA GAUL,

         Plaintiffs,

  - v -              Civ. No. 1:13-CV-433
                    (TJM/RFT)
CHRYSLER FINANCIAL SERVICES
AMERICAS LLC, *et al.*,

         Defendants.
―――――――――――――――――――――――――――――――
**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DECISION and ORDER

 Again, discovery issues abound requiring a conference with this Court. *See* Dkt. Nos. 76, 78, 80, 81, 82, & 83. On May 1, 2014, a telephonic Hearing was held on the record. The discussions were lengthy but without any positive result. Nonetheless, the Court rendered several Rulings which are incorporated by reference into this Decision and Order and are summarized hereinbelow:

 The Court reminds the parties that the discovery deadline expires on June 30, 2014. Dkt. No. 45. The parties have had more than eight months to complete discovery. To eliminate any confusion, the discovery deadline will not be extended, rendering the time remaining for the completion of discovery of the essence.

 In the Memorandum-Decision and Order, dated April 16, 2014, the Court extended Equifax's time to respond to Gaul's Request for Admissions until April 22, 2014. Dkt. No. 74. At this date, Equifax has failed to respond; Equifax claims it

forgot. Accordingly, if Equifax has not responded to the Plaintiffs' Request for Admissions by May 9, 2014, Gaul may file a motion to compel, pursuant to Federal Rule of Civil Procedure 37.

Experian served Demands for Interrogatories and Production of Documents upon Gaul. *See* Dkt. Nos. 80 & 81. On April 30, 2014, Gaul filed his Answers to those Interrogatories. Dkt. No. 83. Experian believes Gaul's Answers are fundamentally inadequate and it also notes that Gaul has not responded to the Demand for the Production of Documents. Because time is of the essence, Gaul must respond adequately to both the Interrogatories and Demand for Production by May 9, 2014. If Gaul fails to respond appropriately, Experian may file a motion to compel.

In the April 16 Memorandum-Decision and Order, the Court noted that Gaul would make his notebooks available for inspection. Dkt. No. 74 at p. 21. Accordingly, the Court directed Gaul to make available the notebooks as soon as possible and gave DMG the right to make a copy of the notebooks. *Id*. Now, Gaul raises further objections. He claims that his notebooks are protected by a customer/client privilege because his notes on this case are intermingled with his business clients' information. It is conceivable that his client information may be proprietary, and maybe irrelevant, but his notes relative to this case must be disclosed. Gaul has options: (1) he may take his notebooks to DMG to be copied free of charge; (2) he can make a full copy of the notebooks himself and serve that copy upon DMG

if he does not want to travel to DMG's offices; or, (3) if he makes copies of his notebooks but withholds certain pages or portions of a page, he must create a privilege log stating what is privileged or proprietary. That privilege log must be served upon DMG along with the copies that he has made.

Further, Gaul was directed to provide the needed responses and documents to DMG's Demands by May 16, 2014. Should Gaul fail to comply, DMG may file a motion to compel.

The Court advised the parties that after today no further written demands may be served. However, Equifax advised the Court that it may have served Demands upon Gaul on April 30, 2014. In order to assure receipt of those Demands, Equifax intends to email those Demands to Gaul today, May 1. Gaul stated that he would accept those Demands by email. Should those Demands be served today, Gaul has until June 1, 2014, to respond. In the event that Gaul does not respond, Equifax may file a motion to compel.

DMG served notices for depositions upon Paula and Jeffrey Gaul. All of the other Defendants have either served similar notices for depositions or plan to join DMG's notices. Paula Gaul's deposition is scheduled for June 4 while Jeffrey Gaul's deposition will occur the following day, June 5. Paula and Jeffrey Gaul have advised DMG that they do not intend to attend their deposition on the dates noticed by DMG. Unless the parties agree to an alternative date, the depositions shall proceed on the

dates set forth in the notices.  It should not be lost on the parties that Counsel for Experian and Equifax are traveling the greatest distance -- from New York City and Atlanta Georgia – in order to attend and participate in the depositions, and, should be accorded the greatest deference.  Should Paula and Jeffrey Gaul fail to appear for their depositions, the Defendants may file motions to compel.

**IT IS SO ORDERED**.

May 1, 2014
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge