UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFREY GAUL AND PAULA GAUL,

Plaintiffs,

v. 1:13-cv-433

CHRYSLER FINANCIAL SERVICES AMERICAS, LLC, *et al.*,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

Presently before the Court is Defendant Experian Information Solutions, Inc.'s Motion to Dismiss and Enforce Settlement, Dkt. #131, in this case involving Plaintiffs' claims that various Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. Plaintiffs allege that Defendants reported derogatory and inaccurate information about Plaintiffs' credit history to third parties. Defendant Experian alleges that the parties have executed a written agreement to settle the case, that Experian performed its obligations under the contract, and Defendants have failed to dismiss the case as required by the agreement. Experian requests that the Court enforce the settlement by dismissing the action against Defendant.

## I. BACKGROUND

In this case, Plaintiffs, proceeding *pro se*, seek damages from the Defendants for

their allegedly false reports to third parties about Plaintiffs' credit history. The Plaintiffs sued a number of entities involved with consumer loans, including car lenders, auto finance agencies, and credit reporting services. See Cmplt., Dkt. #1-2, at ¶¶ 5-6. Among the Defendants was Experian, which Plaintiffs alleged had filed "derogatory and inaccurate statements" about their credit history. Id. at ¶ 9. Experian allegedly furnished this inaccurate information in consumer credit reports to various entities despite Plaintiffs' protests, and Plaintiffs suffered damages as a result. Id. at ¶¶ 12-21. Plaintiffs therefore filed claims against Defendant Experian and other credit reporting agencies under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

After Defendant Trans Union, LLC removed the case to this Court (See Dkt. #1), Defendant Equifax, Inc., was served with the Complaint and filed an answer. See Dkt. #14. Plaintiffs and Defendant engaged in settlement negotiations. This is the second Defendant that has reported difficulties in concluding a settlement with Plaintiffs. Defendant Equifax, Inc., on December 27, 2013, filed a motion to dismiss and enforce settlement. See Dkt. # 56. Equifax alleged that the parties had reached an oral agreement to settle the case and that Plaintiffs had refused to comply with the agreement. Id. Equifax sought an order from the Court directing Plaintiffs to accept the terms of the settlement. Id. In a Decision and Order issued on April 15, 2014, this Court denied the Defendant's motion. See dkt. # 73. Noting that no formal agreement to settle the case had ever been reached and that Plaintiffs disputed the existence of a final oral agreement, the Court found that no enforceable settlement agreement existed. Id. Experian's motion is different; the parties reached a written settlement agreement, Experian performed its obligations under the agreement, and the Court may

enforce that document.

## II. ANALYSIS

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974). Such "[s]ettlements of any claim are generally required to be in writing or, at minimum, made on the record in open court." Ciaramella v. Reader's Digest Ass'n, 131 F.3d 320, 326 (2d Cir. 1997). Courts are clear that "[a]n agreement to end a lawsuit is interpreted according to contract principles." United States v. Sforza, 326 F.3d 107, 124 (2d Cir. 2003). "Once entered into, the contract is binding and conclusive." Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007).

Defendant's position is that the parties signed a valid agreement to settle their dispute and that Plaintiffs have breached that agreement. Because a written agreement signed by both parties exists and Defendant has performed its obligations in the agreement, the Court should enforce the settlement and dismiss the case. Plaintiffs do not respond directly to any of Defendant's arguments. Plaintiffs instead deny all of the facts alleged in Defendant's motion, oppose the relief Defendant seeks, and argue that they continue to insist on their right to a jury trial. Without citing to any case law or to the agreement that the parties signed, Plaintiffs further claim that Defendant breached the parties' agreement by failing to pay the settlement sum in a timely fashion. They contend they are entitled to further payment as a result.

The parties signed a written settlement agreement in this case that belies Plaintiffs' claims. Defendant's motion contains a copy of that agreement. See Exh. A

to Defendant's Motion, dkt. # 131-2. The document is titled "Settlement Agreement and Release." Id. The introduction recites that the agreement was made on June 16, 2014, "by and between Jeffrey Gaul and Paula Gaul ("Plaintiffs") and Experian Information Solutions, Inc. ("Experian")[.]" Id. The agreement describes the lawsuit presently before this court and states that "it is the desire of the Parties to resolve all disputes, asserted or unasserted, arising out of, or in any way related to any acts, failures to act, omissions, misrepresentations, facts, events, transactions, occurrences or other matters set forth, alleged, embraced by, or otherwise referred to at any time in the lawsuit." Id. Listed under the "terms of the agreement" is a release by the Plaintiffs of Defendant Experian "from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature, known or unknown, now existing which are based directly or indirectly upon facts, events, transactions, or occurrences related to, alleged, embraced by or otherwise referred to at any time in the Lawsuit." Id. at ¶ 1. Plaintiffs also agreed that they had viewed their Experian credit file and verified that the file contained no inaccuracies. Id. at ¶ 5. For its part, Experian agreed to provide Plaintiffs with a lump sum payment.[1] Id. at ¶ 6. Plaintiffs agreed to dismiss their lawsuit against Experian with prejudice within three days of receiving the specified payment. Id. at ¶ 7.

The agreement contains an integration clause, representing that the written document "constitutes the sole and entire agreement" between the parties, "and supersedes all prior agreements, negotiations, and discussions between the Parties, with respect to the subject matter covered hereby." Id. at ¶ 11. The agreement may

[1]The amount is redacted in the document provided by Defendant.

not be altered except in a writing "duly executed" by the parties' representations. Id. Moreover, the parties agreed "that they will make no claim at any time or place that this Agreement has been orally supplemented, modified or altered in any respect whatsoever." Id. The parties may also seek to recover attorneys fees and disbursements if forced to file an action to recover damages under the agreement. Id. at ¶ 13. Both parties signed the agreement and had it notarized.

Defendant has performed its obligations under the contract. Defendant was to provide payment to Plaintiffs "[a]fter receipt of a fully executed IRS Form W-9 from Plaintiffs[.]" Id. at ¶ 6.[2] Defendant provides documentation indicating that on July 2, 2014, Experian sent Plaintiffs a check to cover the settlement. See Exh. B to Defendant's Motion, dkt. # 131-3. An e-mail from Plaintiff Jeffrey Gaul to Defense Counsel indicates that Plaintiffs received the check on or about July 17, 2014. See Exh. C to Defendant's Motion, dkt. # 131-4. Once Plaintiffs received that check, the terms of the agreement required that Plaintiffs move to dismiss their case against Experian within three days.

Plaintiffs have not fulfilled their obligation under the agreement. On July 22, 2014, Defendant's counsel sent an e-mail to Plaintiff Jeffrey Gaul, requesting that he file a notice of dismissal with the Court. See Exh. D to Defendant's Motion, dkt. # 131-5. More than three days had passed since Plaintiffs acknowledged receipt of the check. The next day, Defendant sent Plaintiff a proposed stipulation of dismissal to file

[2]Contrary to Plaintiffs' claims, nothing indicates that Defendant failed to fulfill its contractual obligations in a timely fashion. Indeed, it is clear that Defendant's obligation to pay was contingent on Plaintiffs providing IRS forms.

with the Court. See Exh. E to Defendant's Motion, dkt. # 131-6. The parties exchanged e-mails about the document; defense counsel offered to file the document for the parties. Id. Plaintiffs had still not returned the document the next day, July 24, 2014, and Defendant's counsel wrote to Plaintiff again requesting that he return a signed copy. See Exh. F to Defendant's Motion, dkt. # 131-7. Counsel noted that the dismissal should have been entered "days ago"; counsel also warned that he "would obviously rather not have to involve the court," since such action "would be a gigantic waste of everyone's time." Id. Plaintiff Jeffrey Gaul "agreed," but he took no action. Id. On July 25, 2014, defense counsel e-mailed Plaintiff Jeffrey Gaul, noting that he still had not returned the stipulation of dismissal, and that he "now [had] no choice but to involve the Court." See Exh. G to Defendant's Motion, dkt. # 131-8. Defendant made one more request to Plaintiffs, on July 29, 2014. See Exh. H to Defendant's Motion, dkt. # 131-9. Plaintiff Jeffrey Gaul responded by asking "how many more copies do you want? [S]top the nonsense." See Exh. I to Defendant's Motion, dkt. # 131-10. Despite Defendant's repeated requests, Plaintiffs have taken no action to dismiss the case against Experian.

The question raised by Defendant's motion is whether the parties have entered into a binding contract which the Court can enforce. Defendant asserts that a contract exists, that Plaintiffs have breached the contract, and that they should be compelled to perform. Proof of breach of contract requires a showing of "(1) the existence of an enforceable contract; (2) performance by one party; (3) breach by the other party; and (4) damages." Pisani v. Westchester County Health Care Corp., 424 F.Supp.2d 710, 719 (S.D.N.Y. 2006). A party seeking specific performance on a contract in New York

"must prove that he has substantially performed his contractual obligations or tendered performance within the time specified in the agreement or a reasonable time thereafter; that he is ready, willing and able to perform those contractual obligations not yet performed and not waived by the defendant; and that . . . he has no adequate remedy at law." Hadcock Motors, Inc. v. Metzger, 92 A.D.2d 1, 4, 459 N.Y.S.2d 634, 636 (N.Y. App. Div. 1983).

The evidence related above demonstrates that the parties had an enforceable contract. In New York, a contract exists when the parties manifest "'offer, acceptance, consideration, mutual assent and intent to be bound.'" Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 427 (2d Cir. 2004) (quoting Louros v. Cyr, 175 F.Supp.2d 497, 512 n.5 (S.D.N.Y. 2001)). The parties here clearly have a contract. They agreed in writing to exchange money for dismissal of legal claims. The written agreement between the parties memorializes that agreement, contains all of the necessary elements of the agreement between the parties, and clearly establishes that the contract represents the entire agreement between the parties. As such, the written agreement is enforceable against the Plaintiffs based on its unambiguous terms. Battery S.S. Corp. v. Refineria Panama, S.A., 513 F.2d 735, 739-40 (2d Cir. 1975) (the "parol evidence rule . . . renders legally inoperative only evidence of prior understanding and negotiations which contradicts the unambiguous meaning of a writing which *completely* and *accurately* integrates the agreement of the parties.") (emphasis in original).

Defendant completed its obligations under the contract by sending the Plaintiff a check. Plaintiffs failed in their obligation to file a motion to dismiss their claims against Experian within three days of receipt of the check. Plaintiffs acknowledged receipt of

the check in July of this year but have not yet filed any motion to or stipulation of dismissal. Defendant is damaged by this action, as Defendant's consideration for the agreement was Plaintiffs' promise to dismiss the lawsuit upon payment of the settlement amount. Defendant sent a check to Plaintiffs and have not received their return for that payment. A breach occurred, and Defendant is entitled to recover. Under these circumstances, where the Court is charged with enforcing the settlement agreement, the Defendant performed under the contract, and Defendant's only consideration was dismissal of the lawsuit, however, money damages are an inadequate remedy for Plaintiffs' breach. The appropriate remedy is specific performance of Defendant's obligation under the contract: dismissal of the case. The Court will therefore grant the Defendant's motion. Experian will be dismissed from this action, with prejudice.

## III. CONCLUSION

For the reasons stated above, Defendant Experian's motion to dismiss, dkt. # 131, is GRANTED. Experian is hereby dismissed from the case with prejudice.

IT IS SO ORDERED

Dated: October 28, 2014

Thomas J. McAvoy
Senior, U.S. District Judge